**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER FLACCO and WINTON SINGLETARY, | CIVIL ACTION |
| *Plaintiffs,* | Case No. 2:24-cv-04374-MAK |
| v. | |
| DANIELLE OUTLAW, CHARLES RAMSEY, RICHARD ROSS, JR., JOHN STANFORD, JR., KEVIN BETHEL, MICHAEL ZACCAGNI, PEDRO RODRIGUEZ, and ALBERT D'ATTILIO, in their individual capacities, | |
| *Defendants.* | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 30], and Plaintiffs' response thereto, if any, it is hereby ORDERED and DECREED that the Motion is GRANTED, and all counts of the Complaint are DISMISSED with prejudice.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER FLACCO and WINTON SINGLETARY, <br><br> *Plaintiffs,* <br><br> v. <br><br> DANIELLE OUTLAW, CHARLES RAMSEY, RICHARD ROSS, JR., JOHN STANFORD, JR., KEVIN BETHEL, MICHAEL ZACCAGNI, PEDRO RODRIGUEZ, and ALBERT D'ATTILIO, in their individual capacities, <br><br> *Defendants.* | CIVIL ACTION <br><br> Case No. 2:24-cv-04374-MAK |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Danielle Outlaw, Charles Ramsey, Richard Ross, Jr., John Stanford, Jr., Kevin Bethel, Michael Zaccagni, Pedro Rodriguez, and Albert D'Attilio (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court to dismiss Plaintiffs' Second Amended Complaint in its entirety. Defendants rely upon the attached Memorandum of Law in support of their Motion.

Defendants, current and former officials of the City of Philadelphia sued in their individual capacities, move to dismiss Plaintiffs' Second Amended Complaint on the following grounds: 1) all of Plaintiffs' claims are time-barred; 2) Plaintiffs fail to sufficiently state a claim of a constitutional procedural due process violation; 3) qualified immunity shields Defendants from liability under 42 U.S.C. § 1983 ("Section 1983"); 4) Plaintiffs fail to sufficiently state a claim under the Pennsylvania Wage Payment and Collection Law ("WPCL"); 5) Plaintiffs cannot bring an action under the WPCL against Defendants in their individual capacities where bringing a claim

against the City of Philadelphia is barred; 6) Defendants are not employers as contemplated by the WPCL; and 7) Plaintiffs fail to sufficiently state a claim for negligence.

As a threshold matter, all of Plaintiffs' claims are time-barred. Plaintiffs purport to seek damages stemming from alleged conduct by Defendants dating back to 2013. Several of Defendants have not worked for the City in years, meaning any alleged conduct of theirs that related to Plaintiffs' employment falls well outside all the applicable statutes of limitations and Plaintiffs claim for tolling fails.

Plaintiffs have failed to sufficiently state a procedural due process claim under Section 1983. First, they do not have a sufficient, protectable property interest in overtime pay. Second, no additional process was owed. Third, Defendants are shielded from liability based on qualified immunity.

Plaintiffs have also failed to sufficiently state a claim under the WPCL, as they have not pled to the existence of a contract demonstrating Defendants' obligation to pay the sought-after overtime wages. In addition, no WPCL claim can lie against Defendants in their individual capacities. The City itself, as a municipal authority, is exempt from the requirements of the WPCL. Plaintiffs cannot skirt the intent of the legislature to exempt the City from the WPCL by instead targeting individual employees of the City. Furthermore, Defendants are not "employers" as contemplated by the WPCL.

Finally, Plaintiffs' negligence claim fails because they cannot establish that Defendants had a duty of care that required Defendants to ensure that they received the overtime wages to which they claim they are entitled under Civil Service Regulation 31.06. Plaintiffs' claim is also barred by the economic loss doctrine, which prevents parties from recovering on a negligence claim that results solely in economic damages.

For the foregoing reasons and those set forth more fully in the attached Memorandum of Law, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

Dated:  December 4, 2024

Respectfully submitted,

By:    /s/ Shannon D. Farmer
Shannon D. Farmer, Esq.
Elliot Imani Griffin, Esq.
Mia Kim, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:  (215) 864-8221
Facsimile:  (215) 864-8999
farmers@ballardspahr.com
griffinei@ballardspahr.com
kimmi@ballardspahr.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER FLACCO and WINTON SINGLETARY, | |
| *Plaintiffs,* | CIVIL ACTION |
| | Case No. 2:24-cv-04374-MAK |
| v. | |
| DANIELLE OUTLAW, CHARLES RAMSEY, RICHARD ROSS, JR., JOHN STANFORD, JR., KEVIN BETHEL, MICHAEL ZACCAGNI, PEDRO RODRIGUEZ, and ALBERT D'ATTILIO, in their individual capacities, | |
| *Defendants.* | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Danielle Outlaw ("Defendant Outlaw"), Charles Ramsey ("Defendant Ramsey"), Richard Ross, Jr. ("Defendant Ross"), John Stanford, Jr. ("Defendant Stanford"), Kevin Bethel ("Defendant Bethel"), Michael Zaccagni ("Defendant Zaccagni"), Pedro Rodriguez ("Defendant Rodriguez"), and Albert D'Attilio ("Defendant D'Attilio") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

## Table of Contents

I.     INTRODUCTION AND BACKGROUND ......................................................... 1
II.    LEGAL STANDARD ................................................................................. 5
III.   ARGUMENT ............................................................................................ 6
       A.    Plaintiffs' Claims Are Time-Barred............................................... 6
       B.    Plaintiffs' Procedural Due Process Claim Must Be Dismissed ............ 7
             1.    *Overtime Is Not a Plausible Protected Property Interest* ........... 8
             2.    *There Is No Basis for the Alleged Property Interest Under the
                   CSRs* ............................................................................. 9
             3.    *Even If A Property Interest Exists, Plaintiffs Received Any Process
                   Due* ............................................................................. 11
             4.    *Qualified Immunity Shields Defendants from Liability* ............ 12
       C.    Plaintiffs' Claim Under the WPCL Must Be Dismissed .................. 13
             1.    *Plaintiffs Have Failed to Sufficiently State a Claim Under the
                   WPCL* .......................................................................... 13
             2.    *Plaintiffs Cannot Skirt Legislative Intent to Exempt the City from
                   the WPCL* ..................................................................... 16
             3.    *Defendants Are Not Employers Under the WPCL* .................. 17
       D.    Plaintiffs' Negligence Claim Must Be Dismissed ........................... 18
             1.    *Plaintiffs Have Failed To State a Claim for Negligence* ......... 18
IV.    CONCLUSION ...................................................................................... 19
V.     OPPOSITION TO REQUESTED RELIEF ................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                       **Page(s)**

*Abbott v. Latshaw*,
    164 F.3d 141 (3d Cir. 1998) ............................................................................................8

*AFSCME v. City of Phila.*,
    65 A.3d 477 (Pa. Cmwlth. 2013) ....................................................................................9

*AFSCME D.C. 33 v. City of Phila.*,
    2012 Phila. Ct. Com. Pl. LEXIS 151 (Phila. Ct. Comm. Pl. 2012) .........................9

*Altmanshofer v. Display Source All.*,
    2020 U.S. Dist. LEXIS 229752 (M.D. Pa. Dec. 8, 2020) .......................................17

*Am. Fed'n of State v. City of Phila.*,
    53 A.3d 93 (Pa. Cmwlth. 2012) ....................................................................................18

*Antol v. Esposto*,
    100 F.3d 1111 (3d Cir. 1996) ......................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................5

*Atkinson v. Taylor*,
    316 F.3d 257 (3d Cir. 2003) ........................................................................................12

*Badger v. Stryden, Inc.*,
    2016 U.S. Dist. LEXIS 69014 (E.D. Pa. May 25, 2016) .........................................7

*Bd. of Regents v. Roth*,
    408 U.S. 564 (1972) ........................................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................5

*Bishop v. Wood*,
    426 U.S. 341 (1976) ......................................................................................................10

*Blakney v. City of Phila.*,
    2013 U.S. Dist. LEXIS 77925 (E.D. Pa. June 4, 2013) .........................................10

*Brown v. Brienen*,
    722 F.2d 360 (7th Cir. 1983) ........................................................................................8

*Brown v. Daniels*,
    128, F. App'x 910 (3d Cir. 2005) ................................................................................2

*Bush v. Dep't of Human Servs.*,
  614 F. App'x 616 (3d Cir. 2015) ....................................................................13

*Cleveland Bd. of Educ. v. Loudermill*,
  470 U.S. 532 (1985) ........................................................................................8

*Commw. of Pa. v. Ostrosky*,
  866 A.2d 423 (Pa. Super. Ct. 2005) .............................................................16

*Darby v. Temple Univ.*,
  216 F. Supp. 3d 535 (E.D. Pa. 2016) .............................................................5

*De Asencio v. Tyson Foods, Inc.*,
  342 F.3d 301 (3d Cir. 2003)...........................................................................14

*Dittman v. Univ. of Pittsburgh Med. Ctr.*,
  196 A.3d 1036 (Pa. 2018) ..............................................................................18

*Ferraro v. City of Long Branch*,
  23 F.3d 803 (3d Cir. 1990).............................................................................8

*FOP Lodge 5 v. City of Phila.*,
  2022 PA PED LEXIS 41 (P.L.R.B. 2022)......................................................1

*FOP Lodge 1 v. City of Pitt.*,
  2019 PA PED LEXIS 72 (P.L.R.B. 2019)....................................................17

*FOP Lodge 5 v. City of Phila.*,
  2014 PA PED LEXIS 23 (P.L.R.B. 2014)....................................................18

*Fowler v. City of Phila. Records Dep't*,
  2018 U.S. Dist. LEXIS 59637 (E.D. Pa. Apr. 9, 2018) ..............................10

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)........................................................................5, 6

*Gallaher v. Goldsmith*,
  213 F.Supp.2d 496 (E.D. Pa. 2002) ..............................................................16

*Gilbert v. Homar*,
  520 U.S. 924 (1997)....................................................................................8, 11

*Gross v. Taylor*,
  1997 U.S. Dist. LEXIS 11657 (E.D. Pa. Aug. 5, 1997).................................8

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982)........................................................................................12

*Hill v. Borough of Kutztown,*
    455 F. 3d 225 (3d Cir. 2006)...........................................................................7, 11

*Huffman v. Borough of Millvale,*
    591 A.2d 1137 (Pa. Commw. Ct. 1991) ....................................................................16

*Jacobs v. City of Phila.,*
    2021 U.S. Dist. LEXIS 10137 (E.D. Pa. Jan. 20, 2021) ............................................16

*LiCausi v. Allentown Sch. Dist.,*
    2020 U.S. Dist. LEXIS 17479 (E.D. Pa. Feb. 4, 2020) ............................................11

*Longenecker-Wells v. Benecard Servs.,*
    658 Fed. Appx. 659 (3d Cir. 2016) ...........................................................................18

*Lum v. Bank of Am.,*
    361 F.3d 217 (3d Cir. 2004).........................................................................................2

*Mackereth v. Kooma, Inc.,*
    2015 U.S. Dist. LEXIS 63143 (E.D. Pa. May 14, 2015) ..........................................14

*McKinney v. Univ. of Pitt.,*
    915 F.3d 956 (3d Cir. 2019).........................................................................................9

*McNeil v. City of Pitt.,*
    1997 U.S. Dist. LEXIS 2034 (W.D. Pa. Feb. 6, 1997) ........................................9, 11

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985)...................................................................................................12

*Mohney v. McClure,*
    568 A.2d 682 (Pa. Super. Ct. 1990)...........................................................................17

*Murphy v. City of Duquesne,*
    898 A.2d 676 (Pa. Commw. Ct. 2006) ......................................................................18

*Odi v. Alexander,*
    2017 U.S. Dist. LEXIS 32824 (E.D. Pa. Mar. 7, 2017).............................................13

*Oxner v. Cliveden Nursing & Rehab. Ctr.,*
    132 F. Supp. 3d 645 (E.D. Pa. 2015) .........................................................................15

*Robinson v. City of Phila.,*
    2013 Phila. Ct. Com. Pl. LEXIS 42 (Phila. Ct. Comm. Pl. 2013) ...........................14

*Robus v. Pa. Dep't of Corr.,*
    2006 U.S. Dist. LEXIS 49943 (E.D. Pa. July 20, 2006).............................................13

*Rode v. Dellarciprete,*
    845 F.2d 1195 (3d Cir. 1988) .................................................................................12

*Rolon v. Henneman,*
    517 F.3d 140 (2d Cir. 2008) ....................................................................................8

*Rosario v. First Student Mgmt., LLC,*
    2016 U.S. Dist. LEXIS 108172 (E.D. Pa. Aug. 16, 2016) ......................................14

*Sentinel Tr. Co. v. Universal Bonding Ins.,*
    316 F.3d 213 (3d Cir. 2003) ....................................................................................2

*Skrutski v. Marut,*
    288 Fed. App'x 803 (3d Cir. 2008) .....................................................................8, 11

*Town of Castle Rock v. Gonzales,*
    545 U.S. 748 (2005) .................................................................................................9

*Tundo v. City of Passaic,*
    923 F.3d 283 (3d Cir. 2019) ....................................................................................9

*Walthour v. Miller,*
    2010 U.S. Dist. LEXIS 61664 (E.D. Pa. June 22, 2010) .........................................2

*Washington Arbitration Case,*
    436 Pa. 168, 177 (1969) .........................................................................................18

*Weldon v. Kraft, Inc.,*
    896 F.2d 793 (3d Cir. 1990) ..................................................................................13

*Yarris v. Cty. of Del.,*
    465 F.3d 129 (3d Cir. 2006) ..................................................................................12

**Statutes**

42 U.S.C. § 1983 ............................................................................................... *passim*

42 Pa C.S. § 5524 ........................................................................................................6

53 P.S. §§ 101, 16251, 16255 ...................................................................................16

Class Action Fairness Act of 2005 ..............................................................................3

Labor Management Relations Act .......................................................................14, 15

National Labor Relations Act .............................................................................14, 15

Pennsylvania Labor Relations Act .............................................................................15

Pennsylvania Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* ............................ *passim*

Act 111, Policemen and Firemen Collective Bargaining Act, 43 P.S. § 217.1 *et seq.* ...................................................................................................1, 12, 15, 17

**Other Authorities**

Civil Service Regulation 6.114-10 ..........................................................................10, 20

Civil Service Regulation 31.06 ...................................................................... *passim*

Civil Service Regulation 31.08 ..............................................................................6

*Civil Service Regulations*, CITY OF PHILA.,
https://www.phila.gov/publications/civil-service-regulations (last accessed September 25, 2024) ...................................................................................4

Compl., *Flacco, et al. v. City of Phila., et al.*, No. 00470 (Phila. Ct. Com. Pl. June 4, 2024) .............................................................................................2, 7

Federal Rule of Civil Procedure 8(a)(2) ..............................................................5

Federal Rule of Civil Procedure 12(b)(6) ..........................................................5, 6

Philadelphia Home Rule Charter ...........................................................4, 9, 18, 19, 20

Prelim. Objs., *Flacco, et al. v. City of Phila., et al.*, No. 00470 (Phila. Ct. Com. Pl. Aug. 1, 2024) ..................................................................................2

I.    **INTRODUCTION AND BACKGROUND**[1]

Plaintiffs Christopher Flacco ("Plaintiff Flacco") and Winton Singletary ("Plaintiff Singletary") (collectively, "Plaintiffs") bring this putative class action alleging that Defendants, in their individual capacities, violated the procedural due process requirements of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), and negligently violated a duty to implement Civil Service Regulation ("CSR") 31.06 for the benefit of certain Philadelphia Police Department ("PPD") officers.

Defendants are former or current employees of the City of Philadelphia (the "City"), serving as PPD Commissioners or Directors of the City's Office of Human Resources ("OHR"). (Second Am. Compl. ("SAC") at ¶¶ 6-13). Plaintiffs Flacco and Singletary are PPD officers employed by the City. (*See* SAC at ¶¶ 4-5). Plaintiffs bring this action on behalf of themselves and a purported class of more than 200 PPD officers. (SAC at ¶ 56). Plaintiffs are part of a collective bargaining unit of PPD officers represented by the Fraternal Order of Police, Lodge No. 5 ("FOP"). (*See* SAC at Ex. A). FOP and the City are parties to a collective bargaining agreement ("CBA") that governs the terms and conditions of FOP members' employment with the City, including their eligibility for overtime pay. (*See* SAC at Ex. A). The CBA is governed by and enforceable under Act 111, the Policemen and Firemen Collective Bargaining Act. *See* Act 111, 43 P.S. § 217.1 *et seq.*; *FOP Lodge 5 v. City of Phila.*, 2022 PA PED LEXIS 41, at *2 (P.L.R.B. 2022).

Plaintiffs allege that CSR 31.06, which references providing overtime pay to certain ranking PPD officers when responding to certain emergencies, should govern their terms of overtime pay, in lieu of the negotiated terms of the CBA, which significantly limits the situations

---

[1]    The factual allegations in the Second Amended Complaint are presumed true only for purposes of this Motion. Defendants do not admit or concede the truth of Plaintiffs' factual allegations for any other purpose.

in which they are eligible for overtime. (*See* SAC at ¶¶ 23, 29, Ex. A). Defendants, according to

the Second Amended Complaint, were responsible, as PPD Commissioners and Directors of OHR,

for implementing, enforcing, and tracking hours under CSR 31.06 and notifying officers of "their

entitlement to be paid additional wages" under CSR 31.06, and their alleged failure to do so

constituted violations of the Fourteenth Amendment pursuant to Section 1983, the WPCL, and a

duty of care under a negligence theory. (SAC at ¶¶ 1, 29-30).

Plaintiffs initially brought a complaint against the City, Defendant Zaccagni, and

Defendant Bethel in the Court of Common Pleas of Philadelphia County, asserting the same

underlying factual allegations as this action and claiming that the defendants in that action were

obligated to enforce the terms of CSR 31.06 for Plaintiffs and an identically defined putative class.

(Compl., *Flacco, et al. v. City of Phila., et al.*, No. 00470 (Phila. Ct. Com. Pl. June 4, 2024),

attached as Ex. 1).[2] Defendants filed preliminary objections asserting that Plaintiffs had no private

right of action under the CSR and Plaintiffs' terms and conditions of employment are controlled

by the CBA.[3] (Prelim. Objs., *Flacco*, No. 00470 (Phila. Ct. Com. Pl. Aug. 1, 2024), attached as

Ex. 2). Plaintiffs did not respond to the preliminary objections. One day before Plaintiffs' response

---

[2]    In deciding motions to dismiss, "courts generally consider only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Brown v. Daniels*, 128, F. App'x 910, 913 (3d Cir. 2005); *Sentinel Tr. v. Universal Bonding Ins.*, 316 F.3d 213, 216 (3d Cir. 2003) ("[A] defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims."). The Court may consider the docket in Plaintiffs' state court complaint, as the filings are public documents that are significantly related to the same underlying claims of the SAC. *Walthour v. Miller*, 2010 U.S. Dist. LEXIS 61664, at *14 n.5 (E.D. Pa. June 22, 2010) (considering a state court docket in adjudicating a motion to dismiss) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[3]    The CBA states that, generally, "[e]mployees at the rank of Captain or above shall be granted compensatory time in lieu of overtime for all hours worked in excess of the normal work day. . . ." SAC at Ex. A, Sec. VI(D)(1). The CBA details the limited circumstances in which ranking PPD officers may be eligible for overtime. SAC at Ex. A, Sec. VI(E)-(G), XVII(J).

was due, Plaintiffs filed a Complaint in federal court, asserting the same underlying claims regarding enforcing the terms of CSR 31.06, which has now been amended twice, seeking to assert different bases for federal jurisdiction each time.

Defendants move to dismiss the current iteration of Plaintiffs' equally flawed attempt at pursuing the same underlying claims in a different guise because[4]: 1) Plaintiffs' claims are time-barred; 2) Plaintiffs fail to sufficiently state a claim of a procedural due process violation; 3) qualified immunity shields Defendants from liability under Section 1983; 4) Plaintiffs fail to sufficiently state a claim under the WPCL; 5) Plaintiffs cannot bring an action under the WPCL against Defendants in their individual capacities where bringing a claim against the City is barred; 6) Defendants are not employers as contemplated by the WPCL; and 7) Plaintiffs fail to sufficiently state a claim for negligence.

As a threshold matter, all of Plaintiffs' claims are time-barred. Plaintiffs purport to seek damages stemming from alleged conduct by Defendants dating back to 2013. (SAC at ¶¶ 1, 29, 63). Several of Defendants have not worked for the City in years, meaning any alleged conduct of theirs that related to Plaintiffs' employment falls well outside all the applicable statutes of limitations. Plaintiffs argue that the statutes of limitations should be tolled under a discovery rule theory. (SAC at ¶¶ 63-67). However, there is no basis to do so as the alleged change to the CSRs was announced and, in fact, the CSRs are posted on the City's website and publicized upon

---

[4]    Plaintiffs are now on their third attempt to pigeonhole an inherently local case into federal court. Plaintiffs first alleged diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005. (ECF No. 1 at ¶ 2; ECF No. 19 at ¶ 3). Plaintiffs have withdrawn these asserted bases for jurisdiction. Plaintiffs' next failed attempt was to assert federal question jurisdiction based on an allegation of a substantive due process violation. (ECF No. 19 at ¶ 2). Plaintiffs have withdrawn that claim. In this latest attempt to forum shop the federal courts, Plaintiffs assert an allegation of a procedural due process violation.

approval.[5] Defendants can hardly be charged with negligently concealing information that is publicly available.

Plaintiffs have failed to sufficiently state a procedural due process claim under Section 1983. First, they do not have a sufficient, protectable property interest in overtime pay under the CSRs. Second, no additional process was owed. Third, Defendants are further shielded from liability based on qualified immunity.

Plaintiffs have also failed to sufficiently state a claim under the WPCL, as they have not pled to the existence of a contract demonstrating Defendants' obligation to pay the sought-after overtime wages. In addition, no WPCL claim can lie against Defendants in their individual capacities. The City itself, as a municipal authority, is exempt from the requirements of the WPCL. Plaintiffs cannot skirt the intent of the legislature to exempt the City from the WPCL by instead targeting individual employees of the City. Furthermore, Defendants are not "employers" as contemplated by the WPCL.

Finally, Plaintiffs' negligence claim fails because they cannot establish that Defendants had a duty of care that required Defendants to implement CSR 31.06 or affirmatively notify Plaintiffs of the existence of CSR 31.06. Plaintiffs' claim is also barred by the economic loss doctrine, which prevents recovery on a negligence claim that results solely in economic damages.

For the foregoing reasons and those set forth more fully below, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

---

[5]    The Civil Service Regulations have been publicly available on the City's website since well before 2013. (*Civil Service Regulations*, CITY OF PHILA., https://www.phila.gov/publications/civil-service-regulations (last accessed Sept. 25, 2024), attached as Ex. 3). Moreover, per the Home Rule Charter, the City's Department of Records provides public notice of the filing of approved municipal regulations, including Civil Service Regulations. Philadelphia Home Rule Charter, § 7-400; 8-407(b).

## II.    <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts to support the claim. Related to this concept is Rule 8(a)(2), which requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a probability requirement[;]" rather, plausibility requires that the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must take the factual allegations stated by the plaintiff as true, it is well established that a court's acceptance of "all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79. Indeed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Third Circuit applies a two-part analysis of a 12(b)(6) motion: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Darby v. Temple Univ.*, 216 F. Supp. 3d 535, 541 (E.D. Pa. 2016) (citing *Fowler v. UPMC Shadyside*, 578

F.3d 203, 210-11 (3d Cir. 2009)). Plaintiffs have failed to sufficiently state plausible claims for relief against Defendants, and this Court should dismiss the Complaint pursuant to Rule 12(b)(6).

## III.    **ARGUMENT**

### A.    Plaintiffs' Claims Are Time-Barred

As a threshold matter, all of Plaintiffs' claims are time-barred. Plaintiffs' Section 1983 claim is subject to Pennsylvania's two-year statute of limitations for personal injury actions. *See Bougher v. Univ. of Pitt.*, 882 F.2d 74, 78-79 (3d Cir. 1989); 42 Pa. C.S. § 5524. Plaintiffs' WPCL claim is subject to a three-year statute of limitations. 43 P.S. § 260.9(g). Plaintiffs' negligence claim is subject to a two-year statute of limitations. 42 Pa. C.S. § 5524. Several of the Defendants have long-since separated from the City and have not worked for the City during the limitations periods. Defendants Ross, Ramsey, Rodriguez, and D'Attilio separated from the City prior to 2021, meaning any alleged conduct of these Defendants related to Plaintiffs' employment falls outside the statutes of limitations for all of Plaintiffs' claims. (SAC at ¶ 6-8, 11-12).

Plaintiffs assert that all relevant statutes of limitations should be tolled under a discovery rule theory, citing Defendants' alleged "affirmative, consistent, and mutual efforts to conceal the existence of CSR 31.06 and subvert the Class members' right to be paid for their authorized emergency work." (SAC at ¶¶ 63-67). However, Plaintiffs state that, in 2013, Defendant D'Attilio "sent a Memorandum notifying 'All Offices, Boards And Commissions' about . . . retroactive Regulation CSR 31.06."[6] (SAC at ¶ 28). Recipients of this memorandum included the leadership

---

[6]    In fact, had Plaintiffs carefully read the memorandum from Defendant D'Attilio, they would have seen that it makes no mention of an amendment to CSR 31.06, which was already in place. As the memorandum makes clear, it announced the establishment of CSR 31.08 and included the updated language for that section of chapter 31 of the regulations so recipients could include the full text in any physical copies of the regulations they maintained. (SAC at Ex. B) ("Transmitted herewith are pages to be inserted in your copy of the Civil Service Regulations. . . . Changes – Effective 9/23/2013 . . . 31.08 – Established[.]").

of FOP, which was responsible for negotiating Plaintiffs' terms of employment with the City, defeating any argument that Defendants concealed the existence of CSR 31.06 from Plaintiffs.[7] (Ex. 1, at Ex. C (showing that John McNesby, then-president of FOP, received the 2013 memorandum and subsequently forwarded it via email to additional union representatives)). The fact that Defendant D'Attilio sent this memorandum itself demonstrates that there was no attempt to conceal the alleged passage of the CSR 31.06. Any failure to recognize an alleged injury in connection with CSR 31.06 is the fault of Plaintiffs' union representative, and not Defendants. Plaintiffs have not cited any legal authority in support of tolling nor any facts warranting application of the discovery rule. *See Badger v. Stryden, Inc.*, 2016 U.S. Dist. LEXIS 69014, at *15 (E.D. Pa. May 25, 2016).

Given the notification to their union representatives and the fact that the CSRs are and have been publicly available, Plaintiffs reasonably should have known of their purported injury in connection with CSR 31.06 by at least as early as 2013, meaning that the statutes of limitations periods have passed and all Plaintiffs' claims should be dismissed on that basis alone.

B.    Plaintiffs' Procedural Due Process Claim Must Be Dismissed

Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983 against Defendants for deprivation of their procedural due process rights under the Fourteenth Amendment. To state a claim under Section 1983 for deprivation of procedural due process rights, Plaintiffs must allege that (1) state actors deprived them of an individual interest that is encompassed by the Fourteenth Amendment and (2) the procedures available to Plaintiffs did not provide due process of the law. *Hill v. Borough of Kutztown*, 455 F. 3d 225, 233–34 (3d Cir. 2006).

---

[7]    Moreover, the CSRs are publicized upon approval and have been publicly available on the City's website since well before 2013. *Supra* note 5; Ex. 4. Further, Defendant D'Attilio's memorandum makes clear that CSR 31.06 was in place before 2013. *Supra* note 6.

    1.    *Overtime Is Not a Plausible Protected Property Interest*

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). Not all property interests are equal, as process is only owed upon deprivation of a "significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("We have described the root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing before he is deprived of any significant property interest."); *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) ("At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard."). Routine employment actions, outside of termination or demotion, rarely, if ever, rise to the level of deprivation of a protected property interest. *See, e.g.*, *Gilbert v. Homar*, 520 U.S. 924 (1997) (denying employee's claim that he was owed notice and hearing prior to being suspended without pay); *Gross v. Taylor*, 1997 U.S. Dist. LEXIS 11657, at *39-40 (E.D. Pa. Aug. 5, 1997) (finding that the issuance of a reprimand was not sufficient to establish a constitutionally protected property right); *Ferraro v. City of Long Branch*, 23 F.3d 803, 806 (3d Cir. 1990) ("[I]f we considered that a mere change in work assignment deprived an employee of a property interest, as a practical matter we would be federalizing routine employment decisions.").

In fact, the Third Circuit and other federal courts of appeals have repeatedly rejected claims of a due process entitlement to overtime pay opportunities by a law enforcement officer. *Skrutski v. Marut*, 288 Fed. App'x 803, 808 (3d Cir. 2008) (citing *Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008) (loss of overtime does not constitute protected property interest even in procedural due process context)); *Brown v. Brienen*, 722 F.2d 360, 365 (7th Cir. 1983) ("Disputes over overtime . . . do not implicate the great objects of the Fourteenth Amendment."). Courts in the

Third Circuit have also denied claims that an employee's due process rights are violated when an employer implements salary reductions. *See McKinney v. Univ. of Pitt.*, 915 F.3d 956, 963 (3d Cir. 2019) (finding that an employee failed to establish a property interest in their salary); *McNeil v. City of Pitt.*, 1997 U.S. Dist. LEXIS 2034, at *12-13 (W.D. Pa. Feb. 6, 1997) (finding that an employee did not have a protected interest in their salary so no hearing was required when the employer implemented an across-the-board salary reduction). This further mandates the conclusion that Plaintiffs' claim cannot lie because there is no underlying protected property interest, much less a *significant* property interest.

       2.     *There Is No Basis for the Alleged Property Interest Under the CSRs*

Procedural due process does not protect every benefit; rather, to have a property interest in a benefit, a person must have more than an "abstract need or desire" and "more than a unilateral expectation" of receiving the benefit. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). The basis for a protected property entitlement must stem from an independent source, such as state law, which establishes "a mutually explicit understanding between a government employer and an employee" that the employee is entitled to the property. *Tundo v. City of Passaic*, 923 F.3d 283, 287 (3d Cir. 2019). Plaintiffs allege that the overtime pay they seek constitutes "property rights or interests granted by state law," citing to the City's CSRs and Home Rule Charter. (SAC at ¶ 14).

The claims fail because the CSRs and Home Rule Charter neither create a legal entitlement nor support Plaintiffs' claim of a property interest. As an initial matter, the Home Rule Charter and the CSRs are not equivalent to state law. *See AFSCME D.C. 33 v. City of Phila.*, 2012 Phila. Ct. Com. Pl. LEXIS 151, at *12-13 (Phila. Ct. Comm. Pl. 2012), *affirmed by AFSCME v. City of Phila.*, 65 A.3d 477 (Pa. Cmwlth. 2013). For that reason alone, Plaintiffs' due process claim fails.

Moreover, as previously stated by this Court, "policy considerations suggest that courts should not turn the entirety of the [CSRs] into actionable, constitutionally-protected property

interests." *Fowler v. City of Phila. Records Dep't*, 2018 U.S. Dist. LEXIS 59637, at *11 (E.D. Pa. Apr. 9, 2018) (citing *Bishop v. Wood*, 426 U.S. 341, 349-50 (1976) ("The Federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies."). In *Fowler*, although Plaintiff cited to language in the CSRs that "require[d] the provision of performance reports," the Court found that "[he] ha[d] no constitutionally-protected property right to receive them." *Id*. The Court in *Fowler* also noted that "[l]anguage creating a benefit does not . . . necessarily amount to a protected entitlement . . . if government officials may grant or deny it in their discretion," which "depends on the rights-creating language." *Fowler*, 2018 U.S. Dist. LEXIS 59637, at *10-11; *Blakney v. City of Phila.*, 2013 U.S. Dist. LEXIS 77925, at *33 (E.D. Pa. June 4, 2013) (finding that a discretionary CSR was not sufficient to establish a constitutionally protected property interest). The CSRs give the City discretion regarding additional compensation for ranking PPD officers. Not only does CSR 31.06 depend on the City's decision to declare an emergency (and allows the City to determine what qualifies as an emergency), CSR 6.114-10, which governs compensation, specifically makes this time solely at the City's discretion. It specifically provides:

> Overtime pay shall not apply to uniformed and investigatory personnel in the Police Department . . . at the rank of Captain or above . . . but such personnel shall be entitled to time off from work with pay (compensatory time), on an hour for hour basis for all hours of overtime work in accordance with Subsections 6.114-3 to 6.114-5 inclusive and 6.114-6 and 31.06 of the Regulations, **such time to be used at the sole discretion of the appointing authority.**

CSR 6.114-10.

Thus, even if it were appropriate to derive constitutional rights from municipal policies, CSR 31.06 fails to establish a constitutionally protected property interest as its language is discretionary and superseded by CSR 6.114-10.

>    3.    *Even If A Property Interest Exists, Plaintiffs Received Any Process Due*

Even if Plaintiffs could establish a protected property interest, identifying an alleged constitutional violation is only one-half of the test. *Hill*, 455 F.3d at 234. Plaintiffs must also point to specific procedural shortcomings surrounding the violation. *Id.* Assessing the requirements of procedural due process is a flexible inquiry that adapts to the situation at hand. *See Gilbert*, 520 U.S. at 930; *LiCausi v. Allentown Sch. Dist.*, 2020 U.S. Dist. LEXIS 17479, at *16 (E.D. Pa. Feb. 4, 2020) ("When an employer does less than discharge the employee, it can provide less process and still comply with the Constitution."); *McNeil*, 1997 U.S. Dist. LEXIS 2034, at *12-13 ("A much smaller deprivation [than termination] arguably could call for a more relaxed process, or no process. . . . Actions having the effect of deprivations but which are not targeted at individuals may not implicate due process at all."). Here, Plaintiffs remain employed, were not individually targeted, and were not owed the rigorous process that they seek.

Nevertheless, Plaintiffs' union representatives were put on notice in 2013, when they received the memorandum that Plaintiffs allege was sent as notice regarding the enactment of CSR 31.06. Plaintiffs conveniently disregard that their union has since negotiated a series of CBAs with the City that govern the terms and conditions of their overtime pay. The fact that there is no allegation that Defendants failed to comply with the terms of the negotiated contract with respect to Plaintiffs' overtime pay further demonstrates that there has been no deprivation of due process by the Defendants, who are alleged to have acted solely in their individual capacities. Plaintiffs should not be permitted to assert a constitutional due process violation because they disagree with the terms negotiated by their union representatives. Furthermore, the CBA provides a grievance procedure through which employees can raise claims for compensation. *See Skrutski*, 288 Fed. App'x at 808 ("Grievance procedures provided in collective bargaining agreements may satisfy

due process."). Simply put, Plaintiffs' allegations are insufficient to plead a violation of procedural due process, even if the Defendants could owe them any due process in their individual capacities.

        4.    *Qualified Immunity Shields Defendants from Liability*

State actors sued in their individual capacity under Section 1983 are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To assess qualified immunity, a court must determine (1) whether the facts alleged by the plaintiff make out a violation of a constitutional right, and (2) whether that right was clearly established at the time of the injury. *Yarris v. Cty. of Del.*, 465 F.3d 129, 140-41 (3d Cir. 2006).

As described above, Plaintiffs have failed to establish the existence of, or their entitlement to, a constitutionally protected property right. Furthermore, given the existence of the CBA, which contractually governs the terms of conditions of Plaintiffs' employment, the alleged rights under CSR 31.06 were far from being "clearly established." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). It is entirely reasonable that Defendants followed the terms of the CBA and abided by Act 111. Plaintiffs have failed to address how or why Defendants should have provided them with compensation that contravened the provisions of the CBA's limitations on overtime by officers at the ranks covered by the proposed class. Therefore, qualified immunity shields Defendants from liability under Plaintiffs' Section 1983 claim.

In addition, defendants in Section 1983 actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 270 (3d Cir. 2003) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Plaintiffs have not sufficiently pled the specific personal

involvement of each Defendant in allegedly depriving Plaintiffs of their sought-after overtime pay, nor what process was denied by Defendants in their individual capacities. Plaintiffs' few allegations concerning Defendants' personal involvement confusingly state that PPD officers have asked Defendants since 2013 about receiving overtime pay, while simultaneously alleging that Plaintiffs and members of the putative class were completely unaware of CSR 31.06 until 2023. (SAC at ¶¶ 38-44). Plaintiffs' allegations substantially rely on Defendants' titles as PPD Commissioners and Directors of OHR and general job responsibilities, but lack specific detail as to the actual personal actions of each Defendant. *See Odi v. Alexander*, 2017 U.S. Dist. LEXIS 32824, at *17-18 (E.D. Pa. Mar. 7, 2017) ("[G]eneral allegations do not sufficiently allege personal involvement for purposes of Section 1983."); *Robus v. Pa. Dep't of Corr.*, 2006 U.S. Dist. LEXIS 49943, at *17 (E.D. Pa. July 20, 2006) (general allegations of knowledge and personal involvement were insufficient to maintain a claim against defendants in their individual capacities); *Bush v. Dep't of Human Servs.,* 614 F. App'x 616, 620 (3d Cir. 2015) (affirming dismissal of section 1983 claim against city officials because the only allegation of personal involvement was the "conclusory statement" that the officials "were all directly involved in violating his 14th Amendment rights"). Thus, Plaintiffs have failed to properly plead the necessary personal involvement of the individual Defendants for their Section 1983 claim.

C.    Plaintiffs' Claim Under the WPCL Must Be Dismissed[8]

1.    *Plaintiffs Have Failed to Sufficiently State a Claim Under the WPCL*

The Third Circuit has long held that the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990). An employee bringing a

---

[8] This Court should decline discretionary supplementary jurisdiction over Plaintiffs' state law claims because Plaintiffs have failed to state a plausible federal claim, as detailed in Section III.B.

WPCL claim must establish that a contractual right to the specifically sought after compensation existed. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). A plaintiff's failure to plead the existence of a contract will render a WPCL claim unsuccessful. *See Rosario v. First Student Mgmt.*, 2016 U.S. Dist. LEXIS 108172, at *26 (E.D. Pa. Aug. 16, 2016) ("[T]he mere existence of an employer-employee relationship is not sufficient to establish a contractual right to recovery under the WPCL."); *Mackereth v. Kooma, Inc.*, 2015 U.S. Dist. LEXIS 63143, at *30 (E.D. Pa. May 14, 2015) (dismissing WPCL claim because "Plaintiffs do not allege the existence of a contractual right, either express or implied, to recover the wages they seek [including the overtime wages sought] pursuant to the WPCL").

Plaintiffs have failed to plead the existence of an underlying contract. The lack of a contractual relationship is particularly glaring here where Defendants are individuals who Plaintiffs allege were acting in their individual capacities. Moreover, the CSRs, as municipal policies, are not contracts between Plaintiffs and Defendants. *See Robinson v. City of Phila.*, 2013 Phila. Ct. Com. Pl. LEXIS 42, at *3 (Phila. Ct. Comm. Pl. 2013) ("[T]he [CSRs] do not create a contract between the City and Plaintiff . . ."). Indeed, the CBA, to which Defendants are not a party, governs Plaintiffs' terms of employment, despite Plaintiffs' attempts to side-step the contract because of their unhappiness with its terms.[9]

---

[9] It is well-established in the Third Circuit that federal labor statutes preempt the WPCL. *Antol v. Esposto*, 100 F.3d 1111, 1121 (3d Cir. 1996) ("[The WPCL] is preempted by the Labor Management Relations Act and the National Labor Relations Act."). The rationale for preemption is in part based on "the need for uniform interpretation of contract terms to aid both the negotiation and the administration of [CBAs]." *Antol*, 100 F.3d at 1115. Without deferral to a CBA, the door is opened to "claims involving vacation or overtime pay, work assignments, unfair discharge – in short, the whole range of disputes traditionally resolved through arbitration – [being] brought in the first instance by a complaint in tort rather than in contract." *Id.* at 1120. Without preemption, Plaintiffs could bring claims only on behalf a portion of a bargaining unit and obtain changes to their benefits that differ from the rest of the unit, creating inconsistency and confusion. Plaintiffs should not be permitted to bypass their

To the extent that Plaintiffs argue that an implied contract exists, they have failed to plead the necessary elements. An implied contract requires "an implication of a promise to pay for valuable services rendered with the knowledge and approval of the recipient, in the absence of a showing to the contrary." *Oxner v. Cliveden Nursing & Rehab. Ctr.*, 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015). Plaintiffs have not alleged any promise made by any of the Defendants acting in their individual capacities. In addition, finding an implied contract is only justified "in circumstances under which the party rendering the services would be justified in entertaining a reasonable expectation of being compensated by the party receiving the benefit of those services." *Id.* Defendants, alleged to have been acting in their individual capacities, are not the employer of Plaintiffs and did not, as individuals, receive the benefit of services rendered by Plaintiffs.

Moreover, the basis of Plaintiffs' claims is that Plaintiffs and members of the putative class were unaware of their alleged "entitlement to be paid for . . . authorized emergency work" and that Defendants concealed the existence of CSR 31.06 from Plaintiffs. (SAC at ¶¶ 34, 63-67). These allegations contradict the existence of an implied contract. As such, Plaintiffs had no reasonable expectation for compensation when performing this work. Similarly, there was no implication of a promise or an intent on behalf of Defendants, who are individuals alleged to have been acting in their individual capacity, to compensate Plaintiffs in any manner beyond the terms of the CBA.

Plaintiffs have thus failed to plead the existence of a contractual right to the sought after overtime wages, rendering their WPCL claim baseless.

---

CBA by bringing suit under the WPCL. Plaintiffs' exclusive remedy for altering their wage conditions is through their CBA and their exclusive bargaining representative, FOP. Plaintiffs' attempt to subvert the bargaining process and obtain non-negotiated benefits should be barred. While the bargaining relationship between the City and FOP is subject to Act 111 and the jurisdiction of the Pennsylvania Labor Relations Board (not the LMRA and NLRA), the same rationale applies and it logically follows that the applicable labor statute would similarly override the WPCL, underscoring that the terms of the CBA control Plaintiffs' wage terms.

2.    *Plaintiffs Cannot Skirt Legislative Intent to Exempt the City from the WPCL*

This Court should not allow Plaintiffs to bypass the intent of the legislature to exempt the City from the WPCL by instead naming Defendants, as individuals, in their SAC. The WPCL defines "employers" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 Pa. C.S. § 260.2(a). In interpreting which entities are included in this definition, courts have applied the statutory construction principle, *expressio unius est exclusio alterius*, that "where certain things are designated in a statute, all omissions should be understood as exclusions." *Commw. of Pa. v. Ostrosky*, 866 A.2d 423, 430 (Pa. Super. Ct. 2005). Thus, although "corporations" are listed in the definition of employer, the omission of municipal corporations from the definition of employer indicates the legislature's intent to exclude them. *See Huffman v. Borough of Millvale*, 591 A.2d 1137, 1139 (Pa. Commw. Ct. 1991) ("There is a clear distinction between municipal and private corporations and, if the legislature wished that municipal corporations be covered by the [WPCL], it could have easily included them."); *Gallaher v. Goldsmith*, 213 F.Supp.2d 496, 498-499 (E.D. Pa. 2002) ("Municipal corporations are not included in [the WPCL] definition [of employer].").

The City is a municipal corporation and is thus an exempt employer under the WPCL. *See* 53 P.S. §§ 101, 16251, 16255; *Jacobs v. City of Phila.*, 2021 U.S. Dist. LEXIS 10137, at \*20 (E.D. Pa. Jan. 20, 2021). Plaintiffs' attempt to subvert the intention of the legislature in bringing this claim after its failed attempt to sue the City for the same damages in state court should be rejected. The City, which currently or formerly employed each of the individually named Defendants, is an exempt employer under the WPCL and Plaintiffs should not be permitted to bypass that exemption

by instead naming individual employees for alleged conduct during, and in furtherance, of their employment with the City.

### 3.    *Defendants Are Not Employers Under the WPCL*

Defendants do not meet the definition of "employer" under the WPCL. The WPCL's broad definition of "employer" can impose liability on high-ranking officers for unpaid wages; however, a plaintiff must "plead and prove that the officer . . . took an 'active role' in the . . . policy-making or decision-making that led to the alleged violation of the WPCL." *See Altmanshofer v. Display Source All.,* 2020 U.S. Dist. LEXIS 229752, at *6 (M.D. Pa. Dec. 8, 2020). Therefore, when seeking to impose liability on an individual officer, alleging that the officer held a particular title is insufficient. *See Mohney v. McClure*, 568 A.2d 682, 686 (Pa. Super. Ct. 1990) (rejecting the argument that the legislature "intended liability merely by virtue of holding corporate office").

Defendants are current or former PPD Commissioners or Directors of OHR. They did not have the ability to unilaterally adopt and enforce the terms of CSR 31.06 for PPD ranking officers. Indeed, Plaintiffs are subject to a CBA that governs the terms and conditions of their employment, including the conditions of overtime pay. (SAC at Ex. A). Wages, including overtime pay, are mandatory subjects of bargaining covered by CBAs under Act 111. *See FOP Lodge 1 v. City of Pitt.*, 2019 PA PED LEXIS 72, at *15 (P.L.R.B. 2019). The union and the City were bound by the CBA's terms. For Defendants to implement different terms would contravene the CBA and violate Act 111. Thus, because Defendants did not and could not exercise control over the terms of the CBA, which were the result of negotiations between the City and the FOP, over which Defendants had no control,  Defendants did not have the type of authority over Plaintiffs' overtime pay to be "employers" under the WPCL.[10]

---

[10] Furthermore, when a City union such as FOP and the City negotiate an item in collective bargaining, the CBA takes precedence over the CSRs. The CSRs only apply to parties by virtue of

D.      Plaintiffs' Negligence Claim Must Be Dismissed

1.      *Plaintiffs Have Failed To State a Claim for Negligence*

Plaintiffs have failed to plead the necessary elements for a claim for negligence. Under

Pennsylvania law, a claim for negligence requires (1) a duty owed by defendant to plaintiff; (2) a

failure by defendant to conform his conduct to the standard of care required; (3) a causal

connection between the conduct and the resulting injury; and (4) actual loss or damage by plaintiff.

*Murphy v. City of Duquesne*, 898 A.2d 676, 679 (Pa. Commw. Ct. 2006).

Plaintiffs have alleged only monetary damages. (SAC at ¶ 111). The economic loss doctrine

prevents parties from recovering on a negligence claim that results solely in economic damages

without any personal injury or property damage. *Longenecker-Wells v. Benecard Servs.*, 658 Fed.

Appx. 659, 661 (3d Cir. 2016). A negligence claim asserting only economic losses may survive if

the plaintiff can establish a legal duty that "exists independently from any contractual obligations

between the parties." *Dittman v. Univ. of Pitt. Med. Ctr.*, 196 A.3d 1036, 1054 (Pa. 2018). Plaintiffs

have failed to plead a sufficient independent legal duty to them owed by Defendants as individuals

acting in their individual capacities. Plaintiffs make several conclusory allegations that Defendants

had a legal duty under "the Home Rule charter and multiple PPD policies, practices, and [Civil

Service Commission] regulations." (*See* SAC at ¶¶ 103-07). However, where Plaintiffs have

---

the CBA. *See Am. Fed'n of State v. City of Phila.*, 53 A.3d 93, 98-99 (Pa. Cmwlth. 2012) ("The
[CSRs] relied on by [the union] only govern the parties by virtue of the contract language of the
CBA. Neither [the union] nor the City is governed exclusively by the [CSRs]."). The CSRs do not
have an independent force that supplants the CBA, especially where they conflict. *See id.* For
instance, the City could not unilaterally amend FOP members' terms of employment by adopting
a conflicting CSR during the term of a CBA; the provisions of the CBA would control. *See FOP
Lodge 5 v. City of Phila.*, 2014 PA PED LEXIS 23, at *23-25 (P.L.R.B. 2014) (finding that the
City could not unilaterally codify new disciplinary rules that involved mandatory subjects of
bargaining); *see also Washington Arbitration Case*, 436 Pa. 168, 177 (1969) (noting that if an
arbitration award conflicted with a public employer's self-imposed legal restrictions, such as
CSRs, the award would take precedence).

actually cited authority for the proposition that Defendants had a duty of care, none of the cited provisions actually imposes a duty on the Defendants to implement CSR 31.06, track hours under CSR 31.06, affirmatively notify employees of the existence of CSR 31.06, or to otherwise take action that would conflict with the terms of the governing CBA. (SAC at ¶¶ 103-07); *see* Philadelphia Home Rule Charter, § 7-100 (noting that the Personnel Director shall establish a roster of all City employees; allocate positions to City employees; and investigate the operation and effect of the civil service provisions of the Home Rule Charter—which are the provisions that create the civil service system more generally, not the specific CSRs—and report findings to the Mayor and Civil Service Commission); § 7-400 (noting that the Personnel Director shall prepare CSRs for submission to the Civil Service Commission and Administrative Board and file approved regulations with the Department of Records); § 7-401 (describing topics to be covered by CSRs). Moreover, Plaintiffs assert that Defendants were acting in their individual capacities, not their official duties, which undermines any claim that Defendants owed them any legal obligations that could give rise to the instant claim. (SAC at ¶¶ 74-76, 82).

Plaintiffs have not, and cannot, allege any basis for concluding that Defendants owed them a duty of care to implement, enforce, or affirmatively notify them of CSR 31.06[11] nor that they suffered any non-economic damages, and their claim of negligence must be dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court grant their motion to dismiss all counts of the Complaint with prejudice.

---

[11]    The Personnel Director is responsible only for filing approved regulations with the Department of Records, "where they shall be available for public inspection for thirty days, and public notice of such filing shall be given as in the case of other regulations." *See* Philadelphia Home Rule Charter, § 7-400, 8-407(b).

## V.    OPPOSITION TO REQUESTED RELIEF

Counsel for Plaintiffs and Defendants have conferred regarding Defendants' concerns with the Complaint, Amended Complaint, and Second Amended Complaint. (Conferral Correspondence re: Complaint, attached as Ex. 4; Conferral Correspondence re: Amended Complaint, attached as Ex. 5; Conferral Correspondence re: Second Amended Complaint, attached as Ex. 6).[12] Counsel have further conferred via phone call on November 8, 2024. Plaintiffs assert that their procedural due process claim is plausible as the alleged property interest is derived from "statutory rights . . . created from the Home Rule Charter or Civil Service Regulations." (Ex. 6). Plaintiffs assert that the existence of CSR 6.114-10, the CBA, and the collective bargaining relationship are irrelevant to their federal claim. (Ex. 6). Plaintiffs allege that the SAC contradicts Defendants' position as to the notice that Plaintiffs' union representatives received, but have not identified which allegations are contradictory. (Ex. 6). Plaintiffs have not stated a position as to Defendants' concerns with Plaintiffs' state law WPCL and negligence claims.

Dated:  December 4, 2024            Respectfully submitted,

By:    */s/ Shannon D. Farmer*
Shannon D. Farmer, Esq.
Elliot Imani Griffin, Esq.
Mia Kim, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone:  (215) 864-8221
Facsimile:  (215) 864-8999
farmers@ballardspahr.com
griffinei@ballardspahr.com
kimmi@ballardspahr.com
*Attorneys for Defendants*

---

[12]    Exhibits 4-6 omit attachments to the communications that are not relevant to the parties' conferral over the current claims.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiffs'

Second Amended Complaint and accompanying Memorandum of Law was filed electronically

on the date noted below and is available for viewing and downloading from the ECF system.


Dated:  December 4, 2024              /s/ *Mia Kim*_____
                                      Mia Kim