IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER FLACCO and WINTON SINGLETARY, <br><br> *Plaintiffs,* <br><br> v. <br><br> DANIELLE OUTLAW, CHARLES RAMSEY, RICHARD ROSS, JR., JOHN STANFORD, JR., KEVIN BETHEL, MICHAEL ZACCAGNI, PEDRO RODRIGUEZ, ALBERT D'ATTILIO, and CANDI JONES, in their individual capacities, and THE CITY OF PHILADELPHIA, <br><br> *Defendants.* | CIVIL ACTION <br><br> Case No. 2:24-cv-04374-MAK |

**CITY OF PHILADELPHIA'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant City of Philadelphia ("the City"), by and through its undersigned counsel, hereby answers the correspondingly numbered paragraphs of the Third Amended Complaint filed by Plaintiff Christopher Flacco ("Plaintiff Flacco") and Plaintiff Winton Singletary ("Plaintiff Singletary") (collectively, "Plaintiffs"). To the extent any of the allegations are not specifically admitted, the City denies each and every allegation.

**AS TO NATURE OF THE ACTION[1]**

1. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City,

---

[1] The City repeats the headings of the third amended Complaint for ease of reference, but denies the substance of any headings.

they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

2. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

## AS TO JURISDICTION AND VENUE

3. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required.

4. The City admits only that Plaintiffs reside in Philadelphia, Pennsylvania, and the City has its principal place of business in the Eastern District of Pennsylvania. The City denies the remaining averments contained in this Paragraph as conclusions of law to which no response is required.

## AS TO PARTIES

5. The City admits only that Plaintiff Flacco is currently employed by the Philadelphia Police Department ("the PPD") as a Chief Police Inspector and resides in Philadelphia. The City denies the averment regarding Plaintiff Flacco's employment "at all relevant times" as a conclusion of law to which no response is required.

6. The City admits only that Plaintiff Singletary is currently employed by the PPD as a Chief Inspector-Patrol and resides in Philadelphia. The City denies the averment regarding Plaintiff Singletary's employment "at all relevant times" as a conclusion of law to which no response is required.

7. The City admits only that Defendant Charles Ramsey ("Defendant Ramsey") served as PPD Commissioner from January 2008 to January 2016. The City is without sufficient

knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

8. The City admits only that Defendant Richard Ross, Jr. ("Defendant Ross") served as PPD Commissioner from January 2016 to August 2019. The City is without sufficient knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

9. The City denies that Defendant John Stanford, Jr. ("Defendant Stanford") served as Acting PPD Commissioner in the alleged period. By way of further response, Defendant Stanford served as Acting PPD Commissioner from September 2023 to December 2023. The City admits the remaining factual averments in this Paragraph.

10. Denied in part. By way of further response, Defendant Danielle Outlaw ("Defendant Outlaw") served as PPD Commissioner from February 2020 to September 2023. The City is without sufficient knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

11. Denied in part. By way of further response, Defendant Kevin Bethel ("Defendant Bethel") was appointed PPD Commissioner in January 2024. The City admits the remaining factual averments in this Paragraph.

12. The City admits only that Defendant Albert D'Attilio ("Defendant D'Attilio") served as the Director of the Philadelphia Office of Human Resources ("OHR") from before September 2013 to March 2016. The City is without sufficient knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

13. Denied in part. By way of further response, Defendant Pedro Rodriguez ("Defendant Rodriguez") served as the OHR Director from May 2016 to August 2018. The City

is without sufficient knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

14. The City admits only that Defendant Michael Zaccagni ("Defendant Zaccagni") served as the OHR Director from June 2019 to December 2024. The City is without sufficient knowledge or information to form a belief as to the truth of the remaining factual averments in this Paragraph.

15. Denied in part. By way of further response, Defendant Candi Jones ("Defendant Jones") has served as the OHR Director since November 2024. The City admits the remaining factual averments in this Paragraph.

16. The City admits that it is based in Philadelphia County, Pennsylvania, and operates under the Philadelphia Home Rule Charter. The City denies the remaining averments of this Paragraph as conclusions of law to which no response is required.

## AS TO EMPLOYMENT STATUS ALLEGATIONS

17. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent that this Paragraph contains factual averments, the City admits only that it holds employment authority over PPD employees, subject to the terms of any applicable collective bargaining agreement. The City denies that the individual Defendants are or were the employers of Plaintiffs or were responsible for each of the actions listed in this Paragraph in their individual capacities at any time during their employment with the City.

18. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent that this Paragraph contains factual averments, the City admits only that it holds employment authority over PPD employees, subject to the terms of any applicable collective bargaining agreement. The City denies that the individual Defendants

are or were the employers of Plaintiffs or were responsible for each of the actions listed in this Paragraph in their individual capacities at any time during their employment with the City.

19. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent that this Paragraph contains factual averments, the City admits only that it holds employment authority over PPD employees, subject to the terms of any applicable collective bargaining agreement. The City denies that the individual Defendants are or were the employers of Plaintiffs or were responsible for each of the actions listed in this Paragraph in their individual capacities at any time during their employment with the City.

20. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent that this Paragraph contains factual averments, the City admits only that it holds employment authority over PPD employees, subject to the terms of any applicable collective bargaining agreement. The City denies that the individual Defendants are or were the employers of Plaintiffs or were responsible for each of the actions listed in this Paragraph in their individual capacities at any time during their employment with the City.

21. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent that this Paragraph contains factual averments, they are denied.

## AS TO BACKGROUND FACTS

22. The City denies the averments of this Paragraph as a characterization of a writing which speaks for itself.

23. The City denies the averments of this Paragraph as a characterization of a writing which speaks for itself.

24. The City denies the averments of this Paragraph as a characterization of a writing which speaks for itself.

25. The City denies the averments of this Paragraph as a characterization of a writing which speaks for itself.

26. The City denies the averments of this Paragraph as a characterization of a writing which speaks for itself.

27. The City admits only that the Civil Service Commission ("CSC") issued Civil Service Regulation ("CSR") 6.11 and interim CSRs under Section 31 of the CSRs. To the extent that this Paragraph contains additional factual averments, they are denied.

28. The City admits only that the CSC has issued interim CSRs under Section 31 of the CSRs. To the extent that this Paragraph contains additional factual averments, they are denied.

29. The City denies that CSR 31.06 was passed or amended in 2013. The City denies the remaining averments of this Paragraph as a characterization of a writing which speaks for itself.

30. The City admits only that Defendant D'Attilio, in his official capacity, distributed a memorandum regarding amendments to the CSRs on or around November 20, 2013. The City denies the remaining averments of this Paragraph as a characterization of a writing which speaks for itself.

31. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

32. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City,

they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

33. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

34. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

35. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. The City denies the averments regarding the contents of Operation Orders as a characterization of one or more writings which speaks for themselves. To the extent this Paragraph contains additional factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

36. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. The City denies the averments regarding the contents of Standard Operating Procedures as a characterization of one or more writings which speaks for themselves. To the extent this Paragraph contains additional factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

37. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. The City denies the averments regarding the contents of "timekeeping policies and procedures" as a characterization of one or more writings which speaks

for themselves. To the extent this Paragraph contains additional factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

38. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. The City denies the averments regarding the contents of Weekend Command Schedules as a characterization of one or more writings which speaks for themselves. To the extent this Paragraph contains additional factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

39. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

40. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

41. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

42. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City,

they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

43. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

44. The City denies that PFD ranking officers are entitled to, or receive compensation pursuant to, CSR 31.06. The City is without sufficient knowledge or information to form a belief as to the truth of the averments regarding the conduct of the referenced officers and therefore deny the same. To the extent this Paragraph contains additional factual averments, they are denied.

45. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

46. Denied that Lt. Casselli is a representative of the City's Labor Relations Unit and as to the remaining factual averments of this Paragraph. By way of further response, Lt. Casselli is not authorized by the City or responsible for interpretation of the City's CSRs. Defendant denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

47. The City admits only that it received a letter from an attorney for the PPD Commander Association dated May 15, 2024. The City denies the averments regarding the contents of the letter as a characterization of a writing which speaks for itself. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

48. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

**AS TO PLAINTIFF-SPECIFIC ALLEGATIONS**

49. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City admits only that Plaintiff Flacco is currently employed as a PPD Chief Inspector-Patrol and Plaintiff Singletary is currently employed as PPD Chief Inspector-Patrol. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

50. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City admits only that Plaintiff Flacco served as Chief Inspector of the Office of Professional Responsibility from November 12, 2012, to July 12, 2020, and responded to various events as part of his job responsibilities. The City denies that Plaintiff Flacco is entitled to any compensation under CSR 31.06. In addition, Plaintiffs have not brought a procedural due process claim against the City.

51. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City admits only that Plaintiff Flacco served as Chief Police Inspector in the Narcotics Division from July 13, 2020, to March 17, 2024, and responded to various events as part of his job responsibilities. The City denies that Plaintiff Flacco is entitled to any compensation under CSR 31.06. In addition, Plaintiffs have not brought a procedural due process claim against the City.

52. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City admits only that Plaintiff Singletary has served as S.W.A.T. Captain, Special Operations Inspector, and Patrol Chief Inspector in the time period alleged and responded to various events as part of his job responsibilities. The City denies that Plaintiff Singletary is entitled to any compensation under CSR 31.06. In addition, Plaintiffs have not brought a procedural due process claim against the City.

## AS TO CLASS ACTION ALLEGATIONS

53. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

54. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

55. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

56. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City denies the averments as a characterization of a writing which speaks for itself.

57. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

58. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

59. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

60. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

61. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

62. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, the City denies the averments as a characterization of a writing which speaks for itself.

## AS TO EQUITABLE TOLLING BASED ON THE DISCOVERY RULE AND DEFENDANTS' FRAUDULENT CONCEALMENT

63. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06. In addition, Plaintiffs have not brought a procedural due process claim against the City.

64. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are

denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06. In addition, Plaintiffs have not brought a procedural due process claim against the City.

65. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

66. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

67. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

**AS TO COUNT I**
**Violation of Fourteenth Amendment Procedural Due Process Under 42 U.S.C.A. § 1983**
**(Against the Individual Defendants for All Available Damages)**

68-85. This Count is not brought against the City.

**AS TO COUNT II**
**Violation of the WPCL**
**(Against the Individual Defendants and the City for All Available Damages)**

86. The City repeats and re-alleges its responses to the foregoing Paragraphs of the Complaint as if fully set forth herein.

87. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

88. The averments contained in this Paragraph are not directed at the City and, accordingly, no response is required. To the extent deemed to contain allegations against the City, they are conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

89. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required.

90. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself.

91. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself.

92. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself and a conclusion of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

93. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself and a conclusion of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

94. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself and a conclusion of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied. The City further denies that PPD ranking officers are entitled to any compensation under CSR 31.06.

95. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

96. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

97. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

98. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

99. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

100. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

101. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

102. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

103. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

104. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

105. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

106. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

107. The City denies the averments contained in this Paragraph as a characterization of a writing which speaks for itself and a conclusion of law to which no response is required.

108. The City denies the averments contained in this Paragraph as conclusions of law to which no response is required. To the extent this Paragraph contains factual averments, they are denied.

**AS TO PRAYER FOR RELIEF**

WHEREFORE, the City respectfully requests that this Court:

    a.    Dismiss Plaintiffs' claims against Defendants with prejudice;

      b.      Award Defendants their costs in this action;

      c.      Award Defendants reasonable attorneys' fees; and

      d.      Award Defendants such other and further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses and reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation and continued investigation.

## FIRST DEFENSE

Plaintiffs' claims are barred because the terms of their compensation are governed by a collective bargaining agreement that does not provide for the compensation sought.

## SECOND DEFENSE

Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations.

## THIRD DEFENSE

The City's actions or inactions are not the proximate, common, legal, or substantial cause of any damage, injury, or loss suffered by Plaintiffs, the existence of which is denied.

## FOURTH DEFENSE

Any damage, injury, or loss suffered by Plaintiffs are the direct result of their own actions or inactions or the actions or inactions of third parties over which the City has no control.

## FIFTH DEFENSE

The City acted with due care at all times and otherwise acted reasonably and in good faith with Plaintiffs.

## SIXTH DEFENSE

The City has not violated any duty or obligation owed to Plaintiff under common law, statute, any applicable contract, or other authority.

## SEVENTH DEFENSE

The City has a good faith dispute or contest as to the amount of wages due and/or a good faith assertion of a right of set-off or counter-claim.

## EIGHTH DEFENSE

Plaintiffs have not sufficiently pled the existence of an implied contract.

## NINTH DEFENSE

Plaintiffs' alleged damages are too speculative to permit recovery.

## TENTH DEFENSE

Plaintiffs have failed to identify even a single specific instance in which the City directed them to perform work that was specifically identified as authorized "emergency work" under CSR 31.06.

## ELEVENTH DEFENSE

As a municipal corporation, the City is exempt from the requirements of the WPCL.

Dated: June 5, 2025                               Respectfully submitted,

                                                              By:   */s/ Shannon D. Farmer*
                                                                     Shannon D. Farmer, Esq.
                                                                     Elliot Imani Griffin, Esq.
                                                                     Mia Kim, Esq.
                                                                     BALLARD SPAHR LLP
                                                                     1735 Market Street, 51st Floor
                                                                     Philadelphia, PA  19103-7599
                                                                     Telephone:  (215) 864-8221
                                                                     Facsimile:  (215) 864-8999
                                                                     farmers@ballardspahr.com
                                                                     griffinei@ballardspahr.com
                                                                     kimmi@ballardspahr.com
                                                                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the City's foregoing Answer and Affirmative Defenses to Plaintiffs' Third Amended Class Action Complaint was filed electronically on the date noted below and is available for viewing and downloading from the ECF system.

Dated:  June 5, 2025                                       /s/ *Mia Kim*
                                                                         Mia Kim