# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER FLACCO and WINTON SINGLETARY,<br><br>*Plaintiffs,*<br><br>v.<br><br>DANIELLE OUTLAW, CHARLES RAMSEY, RICHARD ROSS, JR., JOHN STANFORD, JR., KEVIN BETHEL, MICHAEL ZACCAGNI, PEDRO RODRIGUEZ, ALBERT D'ATTILIO, and CANDI JONES, in their individual capacities, and THE CITY OF PHILADELPHIA,<br><br>*Defendants.* | CIVIL ACTION<br><br>Case No. 2:24-cv-04374-MAK |

## DECLARATION OF CANDI JONES

Candi Jones, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America:

1. I am fully familiar with the facts and circumstances set forth below and make this Declaration based upon my personal knowledge.

2. I am a natural person over eighteen (18) years of age and I reside in the State of Pennsylvania.

3. I am a named Defendant in this action.

4. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification.

5. I have served as Director of the Office of Human Resources ("OHR") for the City of Philadelphia (the "City") since November 2024.

#4908-1050-1739 v1

6. As OHR Director, I am an employee of the City. I am not the employer of any PPD Commanders.

7. As OHR Director, I serve as the leader of OHR, overseeing human resources management for the City's employee workforce of over 25,000 individuals.

8. As OHR Director, I have no personal involvement in the daily administration of payroll or timekeeping policies and systems for Philadelphia Police Department ("PPD") Commanders.

9. As OHR Director, I have no involvement in assigning or authorizing work, directing how work would be performed, setting work schedules, or otherwise providing daily supervision for PPD Commanders.

10. Prior to this litigation, I was never asked by PPD Commanders as to whether they would be paid for emergency work pursuant to Civil Service Regulation ("CSR") 31.06.

11. Prior to this litigation, I was never asked by PPD Commanders about CSR 31.06 generally.

12. I am not aware of CSR 31.06 having ever been invoked to pay PPD or Philadelphia Fire Department Commanders.

13. CSR 31.06 was enacted by the Civil Service Commission in 1964.

14. During my tenure as OHR Director, CSR 31.06 has never been amended.

15. As OHR Director, I believe that the terms and conditions of PPD Commanders' employment, including compensation for work outside the standard workday, are governed by the provisions of the interest arbitration awards that form the collective bargaining agreement ("CBA") and other arrangements negotiated between the City and the Fraternal Order of Police, Lodge No. 5 (the "FOP").

16. For unionized employees, including unionized PPD employees, the CSRs are amended to reflect changes made in compensation through the collective bargaining and/or interest arbitration process.

17. As OHR Director, I have no legal authority to implement terms and conditions of compensation for PPD Commanders that are not provided for in the CBA or otherwise negotiated between the City and the FOP.

18. As OHR Director, I have no intent for PPD Commanders to be paid for work outside of the provisions provided for in the CBA or otherwise negotiated between the City and the FOP.

19. As OHR Director, I believe that the only way for PPD Commanders to pursue changes to the terms and conditions of their compensation is to raise those concerns with the FOP, which could choose to negotiate those issues with the City.

Date: September 25, 2025

Signed by:
_____
Candi Jones