IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER FLACCO,** *et al.*,<br>    Plaintiffs,<br>    v.<br><br>**DANIELLE OUTLAW,** *et al.*,<br>    Defendants. | Case No. 24-cv-4374-MAK |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Pursuant to this Court's Policies and Procedures, and after conferrals described in the attached Certification (Exhibit A), Plaintiffs move to compel discovery as follows:

1.  <u>Time-frame</u>.  Plaintiffs' TAC [Doc. 53] pleads a PWPCL claim against the City and Individual Defendants and a 14th Amendment procedural due process claim against the Individual Defendants.  These claims relate back to 2013 based on Plaintiffs' allegations around Defendant D'Attilio's November 13, 2013 distribution of a memo to all City offices, boards and commissions circulating the full text of CSR 31.06, advising recipients to insert the pages into their "copy of the Civil Service Regulations," and advising "These Regulations have been approved by the Civil Service Commission and all other persons whose approval is required under the provisions of the Home Rule Charter" so the recipients could take all steps needed to effectuate them.  Plaintiffs allege these events gave the City, the then-OHR Director, and the then-PPD Commissioner – and subsequent holders of these offices – reason to: 1) know CSR 31.06 required PPD ranking officers to receive emergency overtime pay *in lieu* of comp time for all hours worked beyond their regular schedule "during a period of emergency nature," 2) know that requiring PPD ranking officers to perform emergency work beyond their regular schedules would carry an implied promise of emergency overtime pay; 3) notify PPD ranking officers about their entitlements under this Regulation; 4) effectuate the Regulation by ensuring PPD ranking officers

1

properly tracked all their emergency work and were paid all required wages; and 5) provide due process before denying these wages. These conclusions are supported by evidence showing the OHR Director Defendants are responsible for tracking and transmitting CSR provisions to City officials; the Commissioner Defendants are responsible for PPD's emergency responses under PPD Directive 4.6; and all Defendants share responsibility for supporting the City's emergency responses, effectuating its HR and payroll policies, and providing benefits promised by many other CSR.[1] Because Defendants' actions since 2013, and documents created since 2013, are relevant to Plaintiffs' claims, the City should have to supplement its Responses and production to include discovery for this entire period.[2]

2. Daily Activity Reports (Request 2). In response to Plaintiffs' request for DAR, the City produced City21-8871, 8891-10622, and 46516-46733. These documents are OT Code reports for certain codes, so do not reveal how many hours the Class members worked on any day, or confirm they performed emergency work on a day they also worked a full shift, issues the Court determined to be relevant at class certification. Because Plaintiffs' claims involve proving facts about all the hours they worked, which is only found in DAR, these documents should be produced.

---

[1] *See* Admission Responses 1-7, 10-19 (describing benefits provided to PPD employees under CSR 31.024, 31.027, 31.040, 31.046, 31.03, 31.04, 31.10, 31.11, 31.12, 31.24, 31.31, 31.32, 31.33, 31.61-1, 31.61-3, 31.85, 31.94, and 31.95) (Exhibit B).

[2] Defendants have also waived their right to limit the discovery time-frame by making extensive factual and legal arguments about events before 2021, *see* Def. Class Opp. pp. 2-5 ("The Decades-Old History of CSR 31.06"); Kim Dec., ¶¶7-11 (overlap between Plaintiffs and Defendants 2013-2021), and because they have selectively produced discovery from before 2021, *including in productions made after raising this objection*. *See* CITY16401-16508, 16574-16624 (Interest arbitration documents 1970 to 1999) (Exhibit C); CITY16509-16571 (1990-1992 CBA) (Exhibit D); CITY46516-46530 (sample of DAR OT Code records 2014-2022) (Exhibit E). Last, this Court rejected Defendants' statute of limitations argument, delaying a final determination on this issue to the merits stage, Jan. 13, 2025 Order, p.2, meaning that (in the absence of an intervening order Defendants have not sought or received), the relevant period for all purposes in this action, including discovery, is 2013 to present. *Id.*

3. <u>OT Code reports (Requests 3-4)</u>. Plaintiffs requested OT Code reports for time entered under many specific codes used to record work beyond their regular schedules. The City produced 12,000 pages of Code 31 reports, one for each year 2013 to 2024, and a single, 200-page report said to include all other requested OT Code entries for all years combined, although it does not include any entries for certain requested OT Codes and includes many Code 31 entries. Because these OT Code reports are the only contemporaneous time records City maintained showing Plaintiffs' performance of work beyond their regular schedules, and inform both the merits of their claims and their damages, they are relevant and should be produced.

4. <u>OEM and EOC documents (Requests 7-8)</u>. Plaintiffs requested documents reflecting after-the-fact assessments of their emergency activations (After-Action Critiques and Reports, Incident Summaries, debriefings, and logs) to examine how this work was authorized, who participated, how much time they worked, if/how they were compensated, and other issues. The City objected to producing these assessments based on unsupported claims these documents include "highly sensitive security information… not relevant to this litigation." Plaintiffs asked the City to produce redacted copies of these documents with a privilege log supporting their privilege claims, but the City refused. Plaintiffs are entitled to test these objections and the existence of a privilege.

5. <u>Communications about emergency activations (Request 11)</u>. Plaintiffs requested all communications sent by any PPD Commissioner, Deputy Commissioner, OHR, OEM, or the Philadelphia Employee Alert System requiring any PPD ranking officer to report for duty or work extra hours during an emergency. In response, the City produced radio logs from 2022-2025, but not a single memo, e-mail, e-mail alert, or text from any of the identified sources. The City has since agreed to conduct a further investigation into this Request and produce additional responsive

documents, but would not provide an estimate for the expected length or scope of this investigation or its subsequent production.  Plaintiffs are entitled to know what efforts are being made to search for these documents and when the resulting production will be completed.

Respectfully submitted,

Dated: November 6, 2025

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS LLC
604 Spruce Street
Philadelphia, PA  19106
(215) 873-4836
*dcohen@stephanzouras.com*

James B. Zouras
Catherine Mitchell Duffy
STEPHAN ZOURAS LLC
222 W. Adams Street
Chicago, IL 60606
(312) 233-1550
*jzouras@stephanzouras.com*
*cmitchell@stephanzouras.com*

Patricia V. Pierce
GOLDSHAW GREENBLATT PIERCE
1500 John F. Kennedy Blvd, Suite 1230
Philadelphia, PA  19102
(215) 978-9090
*ppierce@ggplawfirm.com*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Motion to Compel Discovery was filed electronically on the date noted below and served on all Parties through the Court's ECF system.

Dated: November 6, 2025          */s/ David J. Cohen*