**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER FLACCO et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | Case No. 2:24-cv-04374-MAK |
| DANIELLE OUTLAW et al., | |
| *Defendants.* | |

**ORDER**

AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiffs' Motion to Compel Discovery (ECF 88) and Defendants' Opposition thereto (ECF 91), it is hereby **ORDERED** that Plaintiffs' Motion (ECF 88) is **DENIED**.

BY THE COURT:

_____

**KEARNEY, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>

CHRISTOPHER FLACCO et al.,

          *Plaintiffs,*

        v.

DANIELLE OUTLAW et al.,

          *Defendants.*

</td><td>

CIVIL ACTION

Case No. 2:24-cv-04374-MAK

</td></tr>
</table>

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendants submit this opposition to Plaintiffs' Motion to Compel Discovery (ECF 88), which follows Defendants' production of nearly 50,000 pages of documents and significant efforts by the City to comply with Plaintiffs' overbroad and unduly burdensome requests.

### 1.    Plaintiffs' Request for Documents Dating Back to 2013.

Plaintiffs seek to compel the production of additional documents dating back to 2013, far beyond the applicable statutes of limitation. Plaintiffs' new theory of equitable tolling[1] relies on the memorandum distributed by Defendant D'Attilio on November 13, 2013, which had nothing to do with the enactment of or any change to CSR 31.06. (ECF 80, at 2; ECF 89, at 6). Plaintiffs have not explained how the memorandum holds significance while the memorandums that communicated the enactment of and amendments to CSR 31.06 on December 15, 1964 (issued by OHR Director Foster B. Roser to "All Offices, Boards and Commissions"), June 21, 1968 (issued

---

[1]    In Plaintiffs' second amended Complaint (ECF 27, at ¶¶ 26-27) and third amended Complaint (ECF 53, at ¶¶ 28-29), Plaintiffs asserted that CSR 31.06 was enacted on September 23, 2013. Plaintiffs continued to rely on this allegation in their Motion for Class Certification. (ECF 75-1, at 2) despite receiving discovery on March 26, 2025, conclusively establishing that the regulation was enacted in 1964 and last amended in 1976. Plaintiffs finally acknowledged their factual error in their Reply in Support of Class Certification. (ECF 80, at 2). Accordingly, the asserted factual basis of Plaintiffs' claim is now admittedly non-existent.

by OHR Director Foster B. Roser to "All Offices, Boards & Commissions"), and September 29, 1976 (issued by OHR Director Lewis S. Taylor to "All Offices, Boards and Commissions") do not. (History of CSR 31.06, attached as Ex. A to Kim Decl.). Plaintiffs cannot simply pick an arbitrary point in time and claim that equitable tolling justifies a fishing expedition for over twelve years of documents. (*See* Requests, Responses, and Conferrals attached as Exs. B-G to Kim Decl.).

## 2.    Plaintiffs' Request for Daily Activity Reports.

Plaintiffs seek to compel the production of all Daily Activity Reports ("DARs") for approximately 230 Commanders dating back to 2013, which would involve more than 100,000 additional pages and a huge, unnecessary effort by the Police Department. The DARs contain no information than is not included in the Code Reports already requested and produced, including Commanders' standard hours and any additional hours recorded, as PPD Deputy Commissioner Krista Dahl-Campbell testified during her deposition on November 7, 2025. (*See* Exs. B-G to Kim Decl.; ECF 88-5, at 1). In light of the Court's Order denying class certification (ECF 89), Defendants will produce the requested DARs for Plaintiffs Flacco and Singletary in order to resolve this discovery dispute.

## 3.    Plaintiffs' Request for Code Reports.

The City has produced the requested Code Reports in the format they were pulled from the DAR system as City_46516-46773 and City_21-8871 for Code 31. Any requested codes not shown did not have any associated entries by Commanders in the specified timeframe. As repeatedly explained in discovery conferrals, discovery responses and DC Dahl-Campbell's deposition, and admitted by Plaintiffs' counsel at oral argument, Code 31 is the default code used for hours worked outside the standard workday by Commanders, which is why there are significantly more entries than the other requested codes. (Exs. B-G to Kim Decl.). The City is not withholding any information present in the DAR system on these codes.  The request that the City reproduce the

information in a different format is unduly burdensome and not proportional to the needs of the case given the amount of work involved and unnecessary given the City's agreement to produce the DARs for Plaintiffs.

### 4.      Plaintiffs' Request for OEM and EOC Documents.

The City has produced hundreds of documents detailing activations by OEM as City_26458-27145, 46774-46781, 47048-47108. Plaintiffs seek OEM's internal reviews on the efficacy of OEM's response, which contain highly sensitive security information, are not shared with the PPD, and do not contain any information on which PPD personnel responded to the event or the time that they spent doing so. Because these documents are irrelevant to the litigation and their production would be unduly burdensome and risk publicizing highly sensitive information, production is not appropriate. (Exs. B-G to Kim Decl.).

### 5.      Plaintiffs' Request for Emergency Activations Communications.

As stated in the conferrals between counsel, the City is continuing to investigate this Request and will produce additional responsive documents (in addition to the tens of thousands of pages of OEM logs, radio logs produced as City_16651-26547, and Commissioner's Logs produced as 27148-046503), if any, before the close of discovery. (Exs. B-G to Kim Decl.).

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel.

*[Signature block to follow]*

Dated: November 10, 2025          Respectfully submitted,

                                By:     */s/ Shannon D. Farmer*
                                             Shannon D. Farmer, Esq.
                                             Mia Kim, Esq.
                                             BALLARD SPAHR LLP
                                             1735 Market Street, 51st Floor
                                             Philadelphia, PA 19103-7599
                                             Telephone: (215) 864-8221
                                             Facsimile: (215) 864-8999
                                             farmers@ballardspahr.com
                                             kimmi@ballardspahr.com
                                             *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Opposition to Plaintiffs'

Motion to Compel Discovery and accompanying Exhibits were filed electronically on the date

noted below and is available for viewing and downloading from the ECF system.


Dated: November 10, 2025                    /s/ *Mia Kim*_____
                                            Mia Kim

1#4916-3755-9160 v2